UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

EMIGDIO BEDOYA, on his own behalf
and all similarly situated individuals

    Plaintiff,

v.                                                                                        CASE NO.:

AVENTURA LIMOUSINE &
TRANSPORTATION SERVICE, INC.,
a Florida Corporation, SCOTT TINKLER,
individually, NEIL GOODMAN, individually,
RON SORCI, individually.

    Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, EMIGDIO BEDOYA ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC. ("ALTS"), SCOTT TINKLER, individually ("TINKLER"), NEIL GOODMAN, individually ("GOODMAN"), and RON SORCI, individually ("SORCI") ("Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be a resident of Miami-Dade County, Florida.

5. At all times material hereto ALTS was a Florida profit corporation. Further, at all times material hereto, ALTS was engaged in business in Florida, with a principle place of business in Florida.

6. At all times relevant to this action, TINKLER was an individual resident of the State of Florida, who owned and operated ALTS, and who regularly exercised the authority to: (a) hire and fire employees of ALTS; (b) determine the work schedules for the employees of ALTS; and (c) control the finances and operations of ALTS.

7. At all times relevant to this action, GOODMAN was an individual resident of the State of Florida, who owned and operated ALTS, and who regularly exercised the authority to: (a) hire and fire employees of ALTS; (b) determine the work schedules for the employees of ALTS; and (c) control the finances and operations of ALTS.

8. At all times relevant to this action, SORCI was an individual resident of the State of Florida, who owned and operated ALTS, and who regularly exercised the authority to: (a) hire and fire employees of ALTS; (b) determine the work schedules for the employees of ALTS; and (c) control the finances and operations of ALTS.

9. At all time material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were "employers" within the meaning of

FLSA.

12. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

17. The additional persons who may become Plaintiffs in this action are/were commission paid drivers of Defendants, who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one-half times their regular rate for their hours worked in excess of forty (40) hours.

18. At all times material hereto, the work performed by the Plaintiff, and those similarly situated, was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. In approximately 2005 Defendants hired Plaintiff to work as a commission paid driver on Defendants' behalf.

20. As a prerequisite to his hiring, Defendants required Plaintiff to sign an independent contractor agreement on a take it or leave it basis, which dictated Plaintiff's compensation, and further controlled all aspects of Plaintiff's employment and work for Defendants.

21. Plaintiff, and those similarly situated, also was required to undergo training by Defendants' management, adhere to Defendants' written policies and procedures for performing jobs on Defendants' behalf, and wear certain attire/uniforms provided by Defendants.

22. At all times during his employment with Defendants, Plaintiff, and those similarly situated, only drove Defendants' vehicles to drive Defendants' clients. Defendants paid for these vehicles, along with the insurance and registration associated for these vehicles.

23. Plaintiff, and those similarly situated, were required to pay for a portion of the fuel they used while driving Defendants' vehicles.

24. Defendants passed on a portion of this amount to its clients as a fuel charge, kept a percentage for themselves, and reimbursed drivers the remaining portion.

25. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

26. From at least 2005 and continuing through June 2010, Defendants failed to compensate Plaintiff, and those similarly situated, at a rate of one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff, and those similarly situated, should be compensated at the rate of one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

27. Defendants have violated Title 29 U.S.C. §207 from at least 2005 and continuing to date, in that:

> a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;
>
> b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one-half times Plaintiff's

regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c. Defendants failed to maintain proper time records as mandated by the FLSA.

28. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. From at least 2005 and until June 2010, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one-half times Plaintiff's regular rate of pay.

31. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

32. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

33. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

34. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

37. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

38. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff (and those similarly situated) with more than forty (40) or more hours in a work week, Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the Court deems just and proper.

## COUNT II-
## UNJUST ENRICHMENT

39. Plaintiff realleges and reavers paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Plaintiff and the Unjust Enrichment Plaintiffs provide(d) driver services to Defendants pursuant to an "Independent Contractor" agreement which, at all times relevant, was a contract of adhesion, drafted or imposed exclusively by Defendants, exclusively for their benefit by, among other things: (a) misclassifying Plaintiffs as "independent contractors" while in reality, at all times controlling the method and manner of work performed by the drivers; (b) refusing to provide workers' compensation benefits/insurance for the drivers; (c) retaining, in part, portions of fuel charges paid by Plaintiffs; and (d) benefitting from a tax liability stand point to the detriment of its drivers by classifying them as independent contractors.

41. Such agreements, and the economic reality of the manner in which it was imposed, was unlawful, unconscionable, and void as against public policy.

42. Defendants receive substantial benefits from Plaintiffs and the Unjust Enrichment Plaintiffs who drive and/or drove for Defendants at Defendants' direction. Defendants nonetheless retain, and are unjustly enriched, by the accounts it retains from their customers for the driver services provided by Plaintiffs and the putative class member Plaintiffs, without fully reimbursing them for the expenses of providing such service.

43. During all times relevant, Defendants charged their customers a fuel charge for fuel

purchased by Plaintiffs and the Unjust Enrichment Plaintiffs, and received substantial payments from its customers for such fuel charges. Defendants do not purchase the fuel used by Plaintiff and the putative class members for the clients they drive, which are subject to the fuel charge billed to the client. Yet, Defendants keep a portion of the monies received for same. Thus, Defendants have been unjustly enriched at Plaintiff's expense as a result of this policy.

44. During all times relevant, Defendants, by classifying Plaintiff and the putative class members as independent contractors received significant tax exemptions and avoided tax liability for the payments made to its drivers. In turn, the drivers assumed most, if not all of the tax liability to the Internal Revenue Service ("IRS"), for amounts paid that should have been proportionally borne by Defendants and Plaintiff. Accordingly, Plaintiffs seek reimbursement for those portions of money paid by them to the IRS, that would not have to have been paid had Defendants properly classified them as employees and not independent contractors.

WHEREFORE, Plaintiff and the Unjust Enrichment putative Plaintiffs, are entitled to full restitution for the pro-rata share of their driving expenses improperly incurred as a result of Defendants' misclassification of them as independent contractors, payment for any fuel charges improperly retained by Defendants, and for any and taxes overpaid by Plaintiffs as a result of Defendants' misclassification of them as independent contractors.

## COUNT III
## DECLARATORY RELIEF

45. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-44 above.

46. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

47. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief

pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

48. Plaintiff may obtain declaratory relief.

49. Defendants employed Plaintiff.

50. Defendants are an enterprise covered by the FLSA.

51. Plaintiff was individually covered by the FLSA.

52. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

53. Defendants failed to pay overtime compensation as required by law.

54. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

55. Plaintiff is entitled to an equal amount of liquidated damages.

56. It is in the public interest to have these declarations of rights recorded.

57. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

58. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

59. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b).

e.  Awarding Plaintiff pre-judgment interest;

f.  Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff;

g.  Declaration of rights finding: that an employer-employee relationship existed, Plaintiff worked hours over forty (40) in a workweek without receiving correct overtime wages pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime wages pursuant to the FLSA and filed to do so, Defendants failed to prove a good faith defense, Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA.

h.  Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 9th day of December, 2011.

Respectfully submitted,

MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, Fl. 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: Rceller@forthepeople.com

**/s RICHARD CELLER**
Richard Celler
FL Bar No.: 0177370