**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 11-24432-CIV-ALTONAGA/Simonton**

**EMIGDIO BEDOYA**.,

      Plaintiff,

vs.

**AVENTURA LIMOUSINE &**
**TRANSPORTATION SERVICE,**
**INC.**, *et al.*,

      Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court at a hearing held on February 12, 2013 [ECF No. 264], on Plaintiff's Motion for Bill of Costs ("Bill of Costs") [ECF No. 256], filed January 25, 2013; and Plaintiff's Motion for Attorneys' Fees and Expenses ("Motion for Fees") [ECF No. 257], filed on January 25, 2013.  Defendants filed a Response in Opposition ("Response") [ECF No. 263], on February 8, 2013.  Plaintiff filed a Reply ("Reply") [ECF No. 265], on February 12, 2013 at the Court's request.  The Court has carefully considered the parties' written submissions, oral arguments, the record, and applicable law.

### I.      Introduction

On December 9, 2011, Plaintiff filed a Complaint [ECF No. 1] alleging minimum wage and overtime violations pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201–219.  (*See generally* Compl.).  This case has had a long and unusually antagonistic history, which the Court will not repeat here.  *See, e.g.*, *Bedoya v. Aventura Limousine & Transp. Service, Inc.*, No. 11-24432-CIV, 2012 WL 1534488 (S.D. Fla. April 30, 2012); *Id.* 861 F. Supp. 2d 1346 (S.D. Fla. 2012); *Id.* 2012 WL 3962935 (S.D. Fla. Sept. 11, 2012).  On the eve of trial the parties reached a settlement; however, the parties were unable to resolve the amount of

reasonable attorneys' fees and costs to be received by Plaintiff's counsel.  (*See* Joint Notice of Settlement [ECF No. 241]).  Plaintiff now seeks to tax his costs in the amount of $3,862.67 (*see* Bill of Costs 1), as well as payment of additional expenses in the amount of $89.49 (*see* Mot. for Fees 13), and attorneys' fees in the amount of $109,538.00[1] (*see id.* 6).

## II.  Costs And Additional Expenses

A plaintiff who prevails on an FLSA claim is entitled to, *inter alia*, "costs of the action." 29 U.S.C. § 216(b).  For the reasons stated in open court, the Court finds the costs sought to be taxed in the Bill of Costs — $3,862.67  — are reasonable in their entirety.  The Court, however, will not award the entire amount of additional expenses sought in the Motion for Fees.  While the postage and courier expenses totaling $52.49 are recoverable given that Defendants' actions necessitated them, the travel expenses totaling $37.00 are not recoverable.  As a result, Plaintiff is entitled recover $3,915.16 in reasonable costs and expenses.

## III.  Attorneys' Fees

A plaintiff who prevails on an FLSA claim is additionally entitled to "reasonable attorney's fees."   29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.");  *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  Defendants concede Plaintiff is a prevailing plaintiff under the FLSA and is entitled to an award of reasonable attorneys' fees.  (*See* Resp. 4).  Nevertheless, Defendants present a variety of arguments regarding why Plaintiff's fees should be reduced.

The framework for the award of attorneys' fees to prevailing plaintiffs is articulated in

---

[1]  This amount discounts $7,500 as agreed by the parties as part of their settlement.

*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), and *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The analysis of any fee award begins with the determination of the "lodestar." "[T]he lodestar figure–the product of reasonable hours times a reasonable rate–represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (finding the lodestar figure enjoys a strong presumption of reasonableness). Lodestar has "become the guiding light of our fee-shifting jurisprudence." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

A prevailing FLSA plaintiff is entitled to only those awards of attorneys' fees that are reasonable. *See Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009). The burden of establishing the fee request is reasonable rests with the fee applicant, who must supply the court with "specific and detailed evidence" in an organized fashion. *Norman*, 836 F.2d at 1303. Thus, Plaintiff bears the burden of establishing the requested hourly rate is a reasonable one, *cf. Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994), and that the fees do not arise from "hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434; *see ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). The Court is an expert on the reasonableness of attorneys' fees and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940) (citations omitted). Courts have broad discretion to determine what fees are reasonable under the circumstances. *See Martinec v. Party Line Cruise Co.*, 350 F. App'x 406, 407 (11th Cir. 2009) ("'The determination of a reasonable fee pursuant to § 216(b) of the [FLSA] is left to the sound discretion of the trial court . . . .'") (first alteration in original) (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)).

Additionally, finding the product of reasonable hours times a reasonable rate does not end

the inquiry. *See Hensley*, 461 U.S. at 434. Other considerations may lead a court to adjust the lodestar, such as the results obtained. *See id.* Thus, when awarding fees, the Court must allow meaningful review of its decision by "articulat[ing] the decisions it made, giv[ing] principled reasons for those decisions, and show[ing] its calculation." *Norman*, 836 F.2d at 1304 (citation omitted).

### A.   Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). Plaintiff bears the burden of demonstrating with satisfactory evidence that his counsels' rates are reasonable. *See Brooks v. Peer Review Mediation & Arbitration, Inc.*, No. 11-61630-Civ, 2012 WL 5410405, at *3 (S.D. Fla. Nov. 6, 2012). Evidence may consist of direct evidence of charges by lawyers under similar circumstances, or opinion evidence. *See Norman*, 836 F.2d at 1299.

Plaintiff seeks $365/hour for Mr. Brian Lerner, a partner with more than thirteen years of experience (*see* Decl. of Brian L. Lerner ¶ 4 [ECF No. 257-1]); $365/hour for Mr. Jay Kim, a partner with fifteen years of experience (*see id.* ¶ 12(b)); and $125/hour for Ms. Ashley Cerubin, a para-professional with less than two years of experience (*see* Reply). Plaintiff submits an expert opinion consistent with the requested fees. (*See* Decl. of Brian D. Buckstein ¶¶ 8–9 [ECF No. 257-2]). Defendants challenge each of these rates and submit an expert opinion consistent with their challenges. (*See* Decl. of Stanley Kiszkiel ¶ 13 [ECF No. 263-1]).

As stated, the Court itself is "'an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F.2d at 1303 (quoting *Campbell*, 112 F.2d at 144). Consequently, the Court considers the parties' written

submissions, oral arguments, case law, as well as its own knowledge and experience, in determining the reasonableness of the hourly rates Plaintiff requests.

The Court concludes Plaintiff's proposed hourly rates are somewhat high.  At the hearing the Court noted that recently, on January 31, 2013, the Court awarded fees to the plaintiffs' counsel in an FLSA case litigated extensively by experienced attorneys in this District.  *See Reppert v. Mint Leaf, Inc.*, No. 11-21551-Civ-Altonaga (S.D. Fla. Jan. 31, 2013), Order Dated January 31, 2013, at 5–7 [ECF No. 114].  There, the Court awarded an hourly rate of $375/hour to an attorney with twenty-seven years' experience and awarded an hourly rate of $325 to an attorney with ten years' experience.  While Mr. Lerner and Mr. Kim have less experience than the attorney awarded $375/hour, the case at hand is a far cry from the "ordinary" FLSA case.  Thus, in accordance with the relevant discussion in *Reppert* and the Court's statements made in open court, the Court finds Mr. Lerner and Mr. Kim should be compensated at $350/hour as a reasonable hourly rate.

In addition, Plaintiff seeks $125/hour for assistance from a para-professional with less than two years of experience.  In line with the Court's reasoning in *Reppert*, this rate is too high, and the para-professional here should be compensated at $50/hour as a reasonable hourly rate.

**B.    Reasonable Hours**

Fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorneys' fees.  *Hensley*, 461 U.S. at 434.  The party seeking fees must supply the Court with "'specific and detailed evidence' in an organized fashion."  *Machado v. DaVittorio, LLC*, No. 09-23069-CIV, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).  For their part, as the parties objecting, Defendants must supply "specific and reasonably precise" "proof . . . concerning hours that should be excluded."  *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (internal

quotation marks omitted) (quoting *Norman*, 836 F.2d at 1301).  If a court finds the number of hours claimed to be unreasonable, it has two choices: "conduct an hour-by-hour analysis or . . . reduce the requested hours with an across-the-board cut." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted).  The Court has carefully considered the evidence presented by the parties, case law, and its own knowledge and experience.  Plaintiff has provided the Court with specific and detailed evidence of the tasks performed by his attorneys, in an organized fashion.  Consistent with its comments made in open court, and in line with the unusual way in which this case was litigated, the Court concludes all of the hours for which Plaintiff seeks reimbursement are reasonable.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff is entitled to recover $107,225.16 as Plaintiff's reasonable attorneys' fees, expenses, and costs as described in the following table:

| Name | Hourly Rate[2] | Total Hours | Total |
|---|---|---|---|
| Brian L. Lerner | $350 | 297.9 | $104,265.00 |
| Jay Kim | $350 | 15.8 | $5,530.00 |
| Ashley Cherubin | $50 | 20.3 | $1,015.00 |
| Additional Recoverable Expenses | | | $52.49 |
| Settlement Discount | | | ($7,500.00) |
| **Total Recoverable Attorneys' Fees & Expenses, After Discount** | | | **$103,310.00** |
| **Total Recoverable Costs** | | | **$3,862.67** |
| **Total Recoverable Attorneys' Fees, Expenses, and Costs** | | | **$107,225.16** |

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

---

[2]  These rates reflect the Court's reductions.

CASE NO. 11-24432-CIV-ALTONAGA/Simonton

1. Plaintiff's Motion for Bill of Costs **[ECF No. 256]** is **GRANTED**.  The Court finds, based on the evidence presented, that the amount of Plaintiff's taxable costs is $3,862.67, and Plaintiff is awarded these costs.

2. Plaintiff's Motion for Attorney Fees and Expenses **[ECF No. 257]** is **GRANTED IN PART**.  The Court finds, based on the evidence presented, that the amount of Plaintiff's reasonable and recoverable attorneys' fees and expenses is $103,310.00, and Plaintiff is awarded these fees and expenses.

**DONE AND ORDERED** at Miami, Florida, this 13th day of February, 2013.

_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record